116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfredo BALLESTER, Defendant-Appellant.
 No. 96-50471.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-00475-1-RMB; Rudi M. Brewster, District Judge, Presiding.
 MEMORANDUM*
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 Wilfredo Ballester, a native of Cuba and citizen of the United States, appeals his sentence for making a false tax return in violation of 26 U.S.C. § 7206(1). Ballester violated his probation by committing theft against his employer, and the district court imposed the maximum sentence under 26 U.S.C. § 7206(1). On appeal, Ballester contends that the district court erred by improperly considering Ballester's national origin and naturalized status as factors weighing against him. We have jurisdiction under 28 U.S.C. § 1291. We vacate the sentence imposed by the district court and remand for resentencing.
 
 
 2
 "Prior to the guidelines, a district court had 'virtually unfettered discretion in imposing sentence.' " United States v. Baker, 10 F.3d 1374, 1420 (9th Cir.1993) (quoting United States v. Barker, 771 F.2d 1362, 1364 (9th Cir.1985). However, the defendant's right to due process circumscribes that discretion. See United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir.1989) (per curiam).
 
 
 3
 A defendant's nationality may play no adverse role in sentencing. See Borrero-Isaza, 887 F.2d 1349, 1355-56 (9th Cir.1987) (per curiam). At sentencing, Judge Brewster made note of the defendant's naturalized status and expressed shock at his willingness to abuse the privileges of citizenship that other aliens would "die to get."
 
 
 4
 After examining the record in this case, we are uncertain about whether Judge Brewster partially based the sentence on Ballester's naturalized status. This case turns not on the existence of alternative reasons for Ballester's three-year sentence, but whether the reasons relied upon in sentencing Ballester included his naturalized status. See id. at 1355. Nothing in the record permits us to hold definitively that they did not. We decline to find, however, that Judge Brewster "would be other than objective, fair, and impartial if called upon to resentence the appellant in this case." See id. at 1357. We therefore vacate the sentence and remand for resentencing.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3